U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

NOV - 2 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| TIMOTHY LYLE TAYLOR, ET AL. | : | DOCKET NO. 2:07-CV-0097 |
|---|---|---|
| v. | : | JUDGE MINALDI |
| SHETLER LINCOLN MERCURY LTD, ET AL. | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court are the defendants' objections to the Report and Recommendation issued by the Magistrate Judge, in which it was advised that the plaintiffs' Motion to Remand [doc. 22] be granted. Given these objections, this court has conducted a *de novo* review of the record.

## LAW & ANALYSIS

A case filed in state court is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Here, the defendants argue that this court had original jurisdiction pursuant to 28 U.S.C. § 1332, under the notion that all defendants are diverse except for Shetler, who was improperly joined.

District courts have a duty to inquire whether parties are improperly or collusively joined, either to create or destroy diversity jurisdiction. *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572-73 (5th Cir. 2004). The Fifth Circuit has articulated two ways in which a party may be improper or fraudulently joined: 1.) actual fraud in the pleading of jurisdictional facts, or

2.) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Id.* at 573 (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). When a court considers improper joinder, any contested issue of fact and ambiguity of state law must be resolved in the plaintiff's favor. *Travis*, 326 F.3d at 649. The party seeking removal bears a heavy burden of demonstrating that joinder of the in-state party was improper. *Smallwood*, 385 F.3d at 574.

Under the second method, this court must conduct a Federal Rule 12(b)(6)-type analysis to determine whether the plaintiff's complaint states a claim against the defendants under state law. This approach finds joinder improper when "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* If the plaintiff survives a Rule 12(b)(6) analysis, there is no improper joinder. *Id.* Under this method, the district court examines the allegations of the complaint to determine whether the complaint states a claim against the non-diverse defendant pursuant to state law. *Landry v. State Farm Fire & Casualty Co.*, 428 F. Supp.2d 531, 536 (E.D. La. 2006) (noting also that in rare cases and in the district court's discretion, the court may pierce the pleadings and conduct a summary judgment-type inquiry). Under *Bell Atlantic v. Twombly*, when filing a complaint, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 127 S. Ct. 1955, 1964-65 (2007). The plaintiff must provide some factual allegations of the grounds upon which the claim rests. *Id.* at 1965 n.3.

In *Pate v. Adell Compounding, Inc.*, the court also examined the issue of whether a non-diverse defendant was improperly joined. 970 F. Supp. 542, 545 (M.D. La. 1997). The

2

determinative inquiry was whether there was no possibility that the plaintiff could recover against the defendant for an intentional tort. *Id.* In Louisiana, an act is intentional when "the defendant either 'consciously desired' the physical result of his conduct or was 'substantially certain' that those physical results would follow from his actions." *Id.* at 546. The *Pate* court denied remand, holding that it was not bound by the plaintiffs' conclusory allegations "of intentional tort," given that plaintiffs failed to articulate any specific fact or offer evidence of specific facts that would allude to an intentional tort. *Id.* at 547.

Similarly, in *Charkhian v. National Environmental Testing, Inc.*, where plaintiffs did nothing more than allege that a party committed intentional torts, but failed to introduce any evidence in support of their motion to remand that would indicate the defendants actually had the requisite intent, the motion was denied. 907 F. Supp. 961, 965 (M.D. La. 1995). The court observed that the use of "intentional" is "not a talisman which automatically raises allegations of negligence to the level of intentional tort." *Id.*

The only reasonable basis the court has for predicting that the plaintiffs may be able to recover against Shetler is from the plaintiffs' complaint. In the pleadings, the plaintiffs alleged that Shetler deceptively induced the Taylors into purchasing the Mountaineer by failing to disclose the redhibitory defects associated with the car, especially its instability and the roll-over characteristics, which constitutes negligence and fault. The plaintiffs failed to provide any factual allegations of their deceptive inducement claim, and also failed to allege all of the elements of the intentional tort. In particular, the plaintiffs failed to allege that Shetler knew or should have known that the product was defective. In finding that there was a possibility that plaintiffs could recover, the Magistrate Judge found that a portion of the plaintiffs' claim was

3

"implied" in their petition.

Like the defendants in *Pate* and *Charkhian*, the removing defendants have also proved that there is no reasonable basis upon which the plaintiffs can recover on the deceptive inducement claim against Shetler. The plaintiffs rest their claim of deceptive inducement on mere allegations of intentional conduct without specifying any particular conduct that might demonstrate that Shetler acted with intent. Because the plaintiffs' allegations are insufficient to permit a fact finder to infer that Shetler deceptively induced the Taylors into purchasing the Mountaineer, there is no reasonable basis for predicting that a Louisiana state court might impose liability on Shetler under the deceptive inducement theory.

After finding that plaintiffs stated a tort claim against Shetler, the Magistrate's Report and Recommendation stated that it is "necessary that Defendants present summary judgment evidence identifying discrete and undisputed facts that would preclude recovery against Shetler." The Report and Recommendation found that Shetler failed to do so. The *Smallwood* court stated in the vast majority of cases, a Rule 12(b)(6) inquiry is sufficient to determine whether the plaintiff has a possibility of recovery. 385 F.3d at 573. Only in a small number of cases, when the plaintiff has misstated or omitted discrete facts that would determine the propriety of joinder, may the district court pierce the pleadings and conduct a summary judgment-type inquiry. *Id.*

The Report and Recommendation erroneously stated the summary judgment aspect of a remand inquiry. A district court may pierce the pleadings and conduct a summary judgment-type inquiry in lieu of a Rule 12(b)(6) inquiry, not in addition to a Rule 12(b)(6) inquiry. *Id.* Here, because the pleadings themselves demonstrate the plaintiff has no probability of recovery, it is unnecessary to pierce the pleadings, and the defendants did not bear the burden of presenting

summary judgment evidence identifying specific, undisputed facts that would preclude recovery against Shetler.

## CONCLUSION

The plaintiffs have not sufficiently alleged a cause of action against Shetler. Accordingly, the defendants' objections to the Magistrate's Report and Recommendation are sustained and the plaintiffs' motion to remand shall be denied.

Lake Charles, Louisiana, this ___2___ day of ___Nov___, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE